

FILED
CLERK, U.S. DISTRICT COURT

SEP 12 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

REAL ESTATE DISPOSITION CORPORATION, a California corporation,

    Plaintiff,

v.

NATIONAL HOME AUCTION CORPORATION, a California corporation; J.C.R. ENTERPRISES, INC., a California corporation, doing business as JCR Advertising & Productions; DAVID RIEMANN, an individual; ROBERT CAMPBELL, an individual; JAMES WATSON, an individual; and DOES 1 through 10, inclusive,

    Defendants.

AND RELATED CLAIMS

Case No. CV 08-01331 SJO (Ex)
(consolidated with SACV08-435)

Honorable ~~S. James Otero~~ Charles F. Eick

[~~PROPOSED~~] **PROTECTIVE ORDER**

## STIPULATION AND [PROPOSED] ORDER CONCERNING DISCOVERY AND CONFIDENTIALITY

This Stipulation and [Proposed] Order Concerning Discovery and Confidentiality ("Discovery Order") between Plaintiff and Counter-Defendant Real Estate Disposition Corporation, Counter-Defendants: LandAuction.com, Inc. and National Recreational Properties, Inc., and Defendants: National Home Auction Corporation; J.C.R. Enterprises, Inc.; and David Riemann, by and through their counsel of record, is made in the above-captioned action with respect to the following recitals:

WHEREAS, there is good cause under Federal Rule of Civil Procedure 26(c) for protection of the parties' proprietary information and consumer information that is protectable under the California Constitution's right to privacy. This action is based on a dispute between two companies in the business of auctioning off homes directly to consumers. The information relating to the parties' operation of their respective businesses is confidential because they contain information which, if released to the public, could harm the parties' business and competitive interests. This information includes materials such as confidential technical documents concerning the parties' valuations of properties and potential customers, sensitive business and financials, and other similar confidential documents and information. To that end, the parties have jointly drafted the instant proposed protective order, which the parties respectfully seek to be entered by the Court in order to prevent harmful disclosure of their confidential information, while balancing the public's right to acquire information that properly falls outside the scope of the parties' protectable interests;

WHEREAS, the parties to this action expect that they will be requested to produce documents, provide testimony, and otherwise disclose confidential, proprietary, business and financial information that requires protection as

confidential and/or proprietary trade secret information;

WHEREAS, the disclosure of any such confidential information within this action is made solely for purposes of this action and should not be used for any other purpose; and

WHEREAS, the parties to this action seek to establish procedures that will protect all confidential information while expediting the discovery process, limiting the occasion for discovery disputes regarding confidentiality, and facilitating the disposition by the Court of any disputes that may arise in connection with discovery.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the parties, through their respective counsel, as follows:

## 1. DEFINITIONS

The following definitions shall apply to this Discovery Order:

**1.1** The "**Action**" shall mean and refer to the above-captioned matter and to all actions consolidated at any time under the above-captioned matter, through final judgment, and to any appeal from the Action.

**1.2** "**Document**" means and refers to all things that come within the definition of "document" contained in Federal Rule of Civil Procedure 34(a)(1), including without limitation, documents of any kind, however reproduced and however transcribed; electronic recordings of any kind, including computer program files, data files, source code, CD-ROM or electronic mail; photographs or other visual or audio-visual recording of any kind, including still or motion pictures, microfilm, microfiche, videotapes or laser discs; and sound recording of any kind, including voice mail, cassette, microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

**1.3** "**Confidential Document**" shall mean Documents that are confidential and/or proprietary to a party, which have not been publicly disclosed, and that the

Producing Party (as defined below) designates as "Confidential" in the manner set forth in this Discovery Order; provided, however, that by agreeing to this Discovery Order, no party waives the right to challenge any other party's designation of any Document as "Confidential."

**1.4** **"Confidential Information"** shall mean confidential and/or proprietary information that has not been made available to the general public that concerns or relates to proprietary, business and financial information, and/or any other information that the Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law. "Confidential" is a designation that can be applied to any type or classification or form of information (oral, written, magnetic, electronic or otherwise) whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, or otherwise. "Confidential" information means such information as is lawfully entitled to confidential treatment under California law, including, but not limited to, trade secrets, confidential research, development or commercial information which may damage a business commercially or competitively, confidential financial information, confidential personal financial data, income tax returns, personnel records, information protected by Article I, Section 1 of the California Constitution and similar information.

**1.5** **"Designating Party"** shall mean the party in this Action designating a Document as "Confidential."

**1.6** **"Producing Party"** shall mean the party producing Documents or providing testimony or other written discovery responses in the Action, whether informally or pursuant to the Federal Rules of Civil Procedure and any other applicable laws or rules of court.

**1.7** "**Legend**" as used herein shall mean a stamp or similar insignia stating "Confidential," or other appropriate term identifying the level of confidentiality of the Document.

**1.8** When reference is made in this Discovery Order to any Document, the singular shall include the plural, and plural shall include the singular.

## 2. TERMS OF THE DISCOVERY ORDER

### 2.1 Designation of Documents.

**2.1.1** Any Producing Party may designate non-publicly disclosed Documents as "Confidential" that the party reasonably and in good faith believes contains or refers to Confidential Information. In designating information as "Confidential," the Producing Party will make such designation only as to that information the party in good faith believes contains information lawfully entitled to confidential treatment under applicable law.

**2.1.2** The Producing Party may designate a Document as "Confidential" by affixing the appropriate Legend to all copies of the Document at the time of production. The Producing Party must make Document designations at the time of production or within a reasonable time thereafter (in accordance section 2.13 below) if such designations are inadvertently omitted.

**2.1.3** A party may designate as "Confidential" Documents and/or information produced by a third party in the event that such Documents and/or information contain Confidential Information of the Designating Party. The Designating Party shall inform all parties in writing of the Bates number of such Document within seven (7) days of that party's receipt of the Document or within seven (7) days of the entry of this Discovery Order, whichever is later.

**2.1.4** All parties receiving written notice of such designation shall affix the appropriate Legend to all pages of any copy or copies of such Document in their possession.

**2.1.5** Any party may designate a deposition or hearing transcript (or any portion thereof or exhibit thereto) as "Confidential" by:

    **(a)**    making such designation on the record during the deposition or hearing (in which case the stenographer shall affix the appropriate Legend to the cover page and all designated pages of the transcript and all copies thereof); or

    **(b)**    informing counsel for all other parties of such designation in writing within seven (7) days after receipt of the transcript (in which case any party in possession of an original or copy of the transcript shall affix the appropriate Legend to the cover page and all designated pages and exhibits).

**2.2**    **Provisions and Limitations of Use**

**2.2.1** All Confidential Documents in this Action shall be used solely for purposes of the prosecution, defense or settlement of this Action, including, without limitation, discovery, motions, briefs and preparation for trial, and for no other purpose, except as otherwise stated within this Discovery Order. This Discovery Order does not affect the admissibility of Confidential Documents or Confidential Information.

**2.2.2** Unless the Designating Party agrees otherwise, and subject to the provisions of Sections 2.4, 2.5, and 2.11 below, Documents designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall not be disclosed to any person except: (i) the Court and its officers; (ii) Designated Counsel of record and employees of Designated Counsel of record; (iii) the parties to this Action (including in house counsel, current employees, investors, officers and directors of such parties; an individual qualified only as a current employee and/or as an investor under this section shall first execute Exhibit "A" hereto); (iv) independent contractors, experts, consultants or advisors who are employed or retained by, or on

behalf of, any of the parties or counsel for the parties to this Action to assist in preparation of the trial; (v) stenographic reporters who are involved in depositions or any Court hearings or proceedings; (vi) copy service vendors; and (vii) any other person as to whom the parties agree in writing that disclosure is appropriate.

**2.2.3** "Designated Counsel" as set forth in Sections 2.3.2 above are limited to counsel of record in this Action. "Designated Counsel" does not include in-house counsel.

**2.3** **Duty to Inform of Order.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (ii), (iii), (v) and (vi) of Section 2.3.2 only after such persons have been provided with, and have reviewed, a copy of this Discovery Order.

**2.4** **Persons Required to Sign Order.** Unless the Designating Party agrees otherwise, Documents designated "Confidential" may be disclosed to persons referred to in categories (iv) and (vii) of Section 2.3.2 only **after** these persons have been provided with a copy of this Discovery Order and have signed the certification attached hereto as **Exhibit A**. A copy of this certification shall be retained by the counsel of the party disclosing the Confidential Documents or Confidential Information.

**2.5** Persons who are not qualified recipients under this Discovery Order may be examined as witnesses at depositions concerning CONFIDENTIAL INFORMATION if such persons have prior knowledge of such CONFIDENTIAL INFORMATION, or they agree to sign the certificate of confidentiality attached as Exhibit "A" hereto. In order to facilitate deposing such persons about CONFIDENTIAL INFORMATION, each party will make a good faith effort to have the deponent sign Exhibit "A" before the deposition begins. In the event the deponent refuses to sign Exhibit "A", the deposition shall be allowed to proceed, and after the deposition, the parties may designate the contents of the deposition as

CONFIDENTIAL INFORMATION. Such designation shall not be considered conclusive of the status of the documents or information and the non-designating party may object to such designation under the procedure outlined in this Discovery Order.

**2.6  Copies.** Any person who obtains access to material designated as "Confidential" under this Discovery Order shall not make copies, abstracts, extracts, analyses, summaries, or other materials which contain, reflect or disclose confidential information, except for use in this litigation, and each such copy, abstract, extract, analysis, summary, or other material which contains, reflects or discloses confidential information is to be treated in accordance with the provisions of this Discovery Order. All copies of material stamped "Confidential" in accordance with Section 2.2 of this Order shall again be stamped with the respective designation if the original stamp was not reproduced in the duplicating process. In the event that copies are made in accordance with the foregoing, all such copies shall constitute, and be treated as, "Confidential" Documents as provided in this Discovery Order. Any person making, or causing to be made, copies of any "Confidential" Documents shall make certain that each copy bears the appropriate Legend pursuant to the requirements of this Discovery Order.

**2.7  Agreement to Maintain Confidentiality.** Unless and until otherwise ordered by the Court, or otherwise agreed by the parties, all Documents designated as "Confidential" shall be treated as such under this Discovery Order.

**2.8  Objections to Designation.** Following the receipt of Documents marked "Confidential," any party to the Action may object to the designation of such Document and seek a modification of such designation by serving a written objection on the Designating Party. Thereafter, the objecting party shall first make a good-faith effort to resolve such dispute with counsel for the Designating Party. If the objecting party and the Designating Party are unable to resolve the objection, the objecting party shall move the Court for an order with respect to the disputed

information. The objecting party's obligation to seek de-designation of Documents does not affect the Designating Party's burden to show that the Document is correctly designated as "Confidential." In the event that any party files a motion to release a Document from a designation as "Confidential" the motion must be filed under seal to the extent it discloses designated information, in accordance with the procedure set forth in U.S. Central District L.R. 79-5.1.

**2.8.1** A Party shall not be obligated to challenge the propriety of a "Confidential" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

**2.9  Separate Discovery Order or Modification of This Discovery Order.** This Discovery Order shall be without prejudice to the rights of the parties to the Action to present a motion to the Court for a separate protective order as to any particular Document or information, including restrictions differing from those specified in this Discovery Order. In addition, this Discovery Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Discovery Order.

**2.10  Additional Disclosure.** If counsel wish to disclose an adversary's or third party's "Confidential" material to any person not identified in paragraph 2.3.2 above, counsel wishing to make such disclosure must proceed in the following manner: the names of the persons to whom "Confidential" material is to be disclosed shall be provided in writing to lead counsel for the Designating Party, along with the basis for their need to know, and a description with reasonable specificity of the confidential material to be disclosed. Counsel for the Designating Party shall have seven (7) court days to object to such disclosure in writing. If an objection to the disclosure is asserted by counsel to the Designating Party, the party wishing to disclose the confidentially-designated materials must apply for relief to the Court. Such material shall not be disclosed pending a decision by the Court on such motion. Prior to the disclosure of confidential material to any such person, the

person must agree to be bound by the terms of this Discovery Order by signing the certification in the form of Exhibit A attached hereto. By such execution, the person represents that he or she understands the terms of this Discovery Order and that he or she agrees to be bound by its terms. The person will be shown only such identified "Confidential" material as is essential to enable him or her to render the assistance required.

**2.11 Filing Confidential Material.** No "Confidential" material shall be filed in the public record of this action. All material so designated in accordance with the terms of this Discovery Order that is filed with the Court, and any pleadings, motions or other papers containing confidential material, shall be filed in accordance with the procedures set forth in U.S. Central District L.R. 79-5.1.

**2.12 Inadvertent Production or Disclosure of Confidential Documents or Information.** The inadvertent production or disclosure of Confidential Documents or Confidential Information by a Producing Party shall not constitute a waiver of any claim of confidentiality where (a) the Producing Party notifies the receiving party in writing of such inadvertent disclosure within ten (10) business days of becoming aware of such disclosure; and (b) within thirty (30) days of such notice, the Producing Party provides properly redesignated Documents to the receiving party. The receiving party shall not be deemed to have breached this Discovery Order in the event that undesignated Confidential Documents and/or Confidential Information are disclosed to any person not identified in paragraphs 2.3.2 prior to notice of such inadvertent disclosure by the Producing Party. During the thirty (30) day period after notice, the materials shall be treated as designated in the Producing Party's notice. Upon receipt of properly redesignated Documents, the receiving party shall destroy or return all unmarked or incorrectly designated Documents to the Producing Party within five (5) business days. All parties, however, reserve all rights to challenge the confidential status of such inadvertent production or disclosure.

**2.13  Inadvertent Disclosure of Confidential Documents or Information to Third Parties.** Upon learning that Confidential Documents or Information have been inadvertently disclosed by a receiving party to any person or party not authorized to receive them by this Discovery Order, then the receiving party shall: (a) immediately notify the Designating Party; (b) use its best efforts to obtain the return of any such Confidential Documents or Information and to bind such person or party to the terms of this Agreement; (c) within seven (7) business days of the discovery of such disclosure, inform such person or party of all provisions of this Agreement and identify such person or party to the Designating Party; and (d) request such person or party to sign the certification attached hereto as Exhibit A. The executed certification shall be served upon counsel for the Designating Party within ten (10) business days of its execution, as required by section 2.5, by the party to whom the Confidential Documents or Information was inadvertently disclosed. Nothing in this Paragraph is intended to limit the remedies that the Designating Party may pursue for breach of this Discovery Order.

**2.14  Subpoena of Confidential Document or Confidential Information.** If at any time any Confidential Document or Confidential Information is subpoenaed, or otherwise requested by any other person or entity purporting to have authority to require the production of any such Document or information, the party to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to the Designating Party and shall make no disclosure unless seven (7) court days have elapsed from the date on which written notice was given without objection by the Designating Party or unless the Designating Party has consented in writing.

**2.15  Continuation of Protection After Disposition.** The termination of proceedings in the Action shall not relieve any of the parties from the obligation of maintaining the confidentiality of all Confidential Documents and Confidential Information produced and designated pursuant to this Discovery Order, unless all of

the parties to the Action agree otherwise. The Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon the final disposition of the Action, the parties shall automatically and promptly return any Confidential Documents (and all copies made thereof) to the Producing Party from whom such Documents were obtained or shall certify the destruction thereof; provided, however, that the parties shall be entitled to keep in their possession any court filings, deposition transcripts or hearing transcripts, all of which shall continue to be governed by this Discovery Order.

**2.16  Inadvertent Production of Privileged or Protected Documents.** If information subject to a claim of attorney-client privilege or work product immunity is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information. If a party has inadvertently produced information subject to a claim of privilege or immunity, upon written request made by the Producing Party within twenty-one (21) days of discovery of such inadvertent production, the information for which a claim of inadvertent production is made, including all copies, shall be returned within seven (7) business days of such request unless the receiving party intends to challenge the Producing Party's assertion of privilege or immunity. All copies of inadvertently produced Documents shall be destroyed, and any Document or material information reflecting the contents of the inadvertently produced information shall be expunged. If a receiving party objects to the return of such information within the seven (7) business day period described above, the Producing Party may move the Court for an order compelling the return of such information. Pending the ruling, a receiving party may retain the inadvertently produced Documents in a sealed envelope and shall not make any use of such information.

**2.17**  The provisions of this Discovery Order apply to all proceedings in this action, including all appeals, arbitrations, and proceedings upon remand, except that

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

the provisions of this Discovery Order shall not apply to evidence presented at court proceedings nor otherwise restrict any party from introducing designated Confidential Information as evidence at trial.  A party may seek a protective order prior to trial with respect to testimony containing designated Confidential Information that may be offered at trial or specific documents containing designated Confidential Information that may be marked as exhibits at trial in order to maintain the continued confidentiality of such information.

**2.18**   Nothing in this Discovery Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this Action, and, in the course thereof, relying upon his examination of, but without disclosing the specifics of, "Confidential" information.

The Parties agree to be bound by the terms of this Stipulation and begin producing Documents pending entry of the Discovery Order by the Court.\

IT IS SO ORDERED.

DATED: 9/12/08

~~HONORABLE S. JAMES OTERO~~
~~UNITED STATES DISTRICT COURT JUDGE~~
Charles F. Eick
United States Magistrate Judge

**EXHIBIT A**

# EXHIBIT A
## NON-DISCLOSURE CERTIFICATION

I, _____ hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulation and [Proposed] Order Concerning Discovery and Confidentiality ("Discovery Order") that was issued by the United States District Court for the Central District of California in the case entitled, *Real Estate Disposition Corporation v. National Home Auctions Corporation, et al*, United States District Court for the Central District of California, Case No. CV 08-01331 SJO-Ex (consolidated with SACV08-435). I agree to comply with and to be bound by all the terms of this Discovery Order and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in any manner any information or item that is subject to this Discovery Order to any person or entity except in compliance with the Discovery Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the term of this Discovery Order, even if such enforcement proceedings occur after termination of this action.

Dated:_____

SIGNATURE: _____

Dated:_____

WITNESS: (if available) _____